**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



EDWARD J. SAGER,

        Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 13-36084

D.C. No. 4:12-cv-00102-RKS

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Keith Strong, Magistrate Judge, Presiding

Submitted November 4, 2015**
Portland, Oregon

Before: KOZINSKI, FISHER and WATFORD, Circuit Judges.

Edward Sager appeals the judgment of the district court affirming the

decision of the administrative law judge (ALJ) denying his application for social

security disability benefits. We have jurisdiction under 28 U.S.C. § 1291, we

---

    *This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo, *see Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010), and we affirm.

1. The ALJ did not improperly reject the opinions of Sager's treating physicians. Dr. Peterson's conclusory opinion that Sager was unable to work was not a "medical opinion" but rather a question reserved to the ALJ. *See* 29 C.F.R. § 404.1527(d), (d)(1). The ALJ was not required to discuss every medical finding in the records of Dr. Peterson and Dr. Kelly. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Nor was the ALJ required to credit Sager's subjective complaints merely because they were recorded in his physicians' records. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

2. The ALJ offered specific, clear and convincing reasons for rejecting Sager's testimony about the severity of his symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Sager failed to comply with treatment recommendations to quit smoking, take prescribed medications, have epidural injections, consistently perform a home exercise program and consider spinal cord stimulation treatment. This noncompliance undermines his claims of debilitating pain. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ also found the medical

2

evidence did not substantiate Sager's subjective allegations of disabling limitations. This too was a proper reason to discount Sager's testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

3. The ALJ did not pose an incomplete hypothetical to the vocational expert. The hypothetical properly included only those limitations that the ALJ found were supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

**AFFIRMED.**